SAVANNAH, FLORIDA & WESTERN RAILWAY CO. v. GRIFFIN.

Where an individual contracted with a railway company to furnish
to the latter for a stated price a "full supply" of wood at a desig-
nated station upon the company's line, the contract being silent as
to the entire quantity of wood to be there taken by the company
during the period covered by the contract, the company was not
bound to take at that station any more wood for consumption than
its needs required; and if it paid for all the wood delivered there
by the other party to the contract, he cannot hold the company
liable for profits he might have made upon wood not delivered,
but which he could have delivered had the company taken at the
station in question more wood than it did take, and thus have
given him the opportunity of furnishing a larger supply.

May 13, 1895. Brought forward from the last term.

Action for damages. Before Judge BOWER. Deca-
tur superior court. May term, 1894.

D. A. RUSSELL, by L. E. BLECKLEY, for plaintiff in
error.

SIMMONS, Chief Justice.

Griffin sued the railway company for damages arising
from an alleged breach of contract. The contract in
question was executed between Griffin and the railway
company on March 29, 1892, and provided that Griffin
should furnish to the company a full supply of dry pine
and lightwood from April 1, 1892, to June 30, 1893, two
feet long, delivered properly racked in the company's
rack at the 255th mile-post; that he agreed to keep a
reserved supply of ten cords of good wood always at
said rack, and to forfeit five dollars for each time the
rack should be found with less than six quarters of one
cord racked, or with less than ten cords reserved at the
rack; and that the price of the wood was to be $2.00
per cord. The declaration alleged that he had fully com-
plied with his agreements under the contract; that in
order to induce him to accept said employment and to
enter into the contract, he was assured by defendant

that it would require at least sixty cords per week to keep the rack filled, and that the defendant would take and would pay him at $2.00 per cord for that number of cords; that in order to enter on said employment and perform his duties thereunder, he was compelled to abandon his business of farming and expend large sums of money, as set out in the declaration; that the defendant failed and refused to take and pay for the wood so furnished by him, except in very small quantities and at very long intervals, thereby rendering the money paid out by him for the purposes above mentioned a total loss or nearly so to him, and otherwise causing him great loss of time, materials and labor, and thereby depriving him of the compensation and profit to which he was entitled under the contract, and which he would have received but for defendant's failure and refusal to perform its said contract. There was a verdict for the plaintiff for $106.64, and interest from the termination of the contract. The defendant's motion for a new trial was overruled, and it excepted.

No evidence was introduced in support of the allegation that the plaintiff was induced to enter into the contract by the defendant's assurance that it would require and would pay him for at least sixty cords per week; and his rights are to be measured by the written contract. The contract does not bind the company to take more wood than Griffin agreed therein to furnish, and all that Griffin agreed to furnish was the quantity necessary to keep always at the rack six quarters of a cord racked and ten cords reserved. It certainly did not bind the company to take at that station any more wood for consumption than its needs required. Moreover it does not appear from the evidence that the plaintiff tendered to the company, or that he procured or provided or had on hand at any time a larger quantity of wood than was taken and paid for by the company. And clearly he

cannot hold the company liable for profits he might have made upon wood not delivered, but which he could have delivered had the company taken at the station in question more wood than it did take, and thus have given him an opportunity of furnishing a larger supply. The charge of the court did not correctly present the law of the case, and the verdict was not warranted by the evidence.                    *Judgment reversed.*